FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SEBASTIAN RODRIGUEZ, | No. 08-55870 |
| Petitioner - Appellant, | D.C. No. 2:07-cv-02732-DDP-AN |
| v. | |
| DEBRA DEXTER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted December 6, 2010
Pasadena, California

Before: B. FLETCHER, BERZON, and CALLAHAN, Circuit Judges.

Sebastian Rodriguez appeals the denial of his petition for habeas relief

challenging his conviction for second degree murder. Rodriguez lost control of his

car and crossed a median into oncoming traffic, striking a motorcycle and killing

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

its driver. Rodriguez' blood alcohol content was measured at 0.07% hours after the accident, his blood tested positive for marijuana and methamphetamine, and witnesses testified that he was driving over 100 miles per hour, dangerously weaving in and out of traffic. At the time of the accident, Rodriguez was on probation from a prior conviction for driving under the influence, and his mother testified that after attending the required drug and alcohol education classes he told her he knew it was dangerous to drive while under the influence of drugs or alcohol.

Rodriguez' sole argument on appeal is that a jury instruction regarding a violation of the basic speed law impermissibly relieved the prosecution of the burden of proving that he subjectively appreciated the risk to human life. We affirm the district court's denial of his habeas petition.

Rodriguez' federal habeas petition was filed after the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254; therefore, AEDPA controls Rodriguez' petition. *Holley v. Yarborough*, 568 F.3d 1091, 1097 (9th Cir. 2009). The district court's decision to deny a 28 U.S.C. § 2254 habeas petition is reviewed *de novo*. *Irons v. Carey*, 505 F.3d 846, 850 (9th Cir. 2007); *Benitez v. Garcia*, 495 F.3d 640, 643 (9th Cir. 2007).

Generally, "the fact that [a state jury] instruction was allegedly incorrect under state law is not a basis for habeas relief." *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). Rather, when reviewing a claim that an incorrect jury instruction resulted in a violation of due process, the panel must decide "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Id.* at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). Only then is a petitioner entitled to habeas relief. *Id.*

Rodriguez argues that the "basic speed law" jury instruction created an impermissible presumption regarding the third element of implied malice, that he subjectively appreciated the danger his conduct created. A plain reading of the basic speed law instruction shows that it did not create such a presumption. The basic speed law instruction deals only with whether the act was dangerous to human life, which is the second element of implied malice, not the defendant's subjective appreciation of the danger.

Even if the trial court had erred by giving the basic speed law instruction, any error was clearly harmless under *Brecht v. Abrahamson*, 507 U.S. 619 (1993). Under this standard, "errors are harmless if they do not have a 'substantial and injurious effect or influence in determining the jury's verdict.'" *Inthavong v. Lamarque*, 420 F.3d 1055, 1059 (9th Cir. 2005) (quoting *Brecht*, 507 U.S. at 637).

3

The evidence that Rodriguez had a prior conviction for driving under the influence of alcohol, had attended drug and alcohol education classes, and told his mother that he knew it was dangerous to drive while under the influence of drugs and alcohol renders any possible error in giving the instruction harmless.

Because the basic speed law jury instruction does not create the presumption of which Rodriguez complains, and because any error in giving the instruction was harmless given the evidence, the district court's judgment is **AFFIRMED**.